UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONALD GRIFFIN,

                              **Plaintiff,**

        v.                                                      9:11-CV-1125
                                                        (MAD/TWD)

DR. GERALD AMATUCCI, *et al.*,

                              **Defendants.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

**DONALD GRIFFIN**
**87-A-0320**
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, New York 14411
Plaintiff, *pro se*

**OFFICE OF THE NEW YORK**           **ADRIENNE J. KERWIN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**MAE A. D'AGOSTINO, United States District Judge**

### DECISION AND ORDER

        Presently before the Court are (1) Plaintiff's motion for a default judgment against Defendant Nancy Smith (Dkt. No. 23) and (2) Defendant Smith's motion (Dkt. No. 24) to join Defendant Amatucci's pending motion to dismiss (Dkt. No. 16). Plaintiff opposes Defendant Smith's motion. *See* Dkt. No. 25.

        Plaintiff commenced this civil rights action in September of 2011, alleging that his constitutional rights were violated while he was incarcerated at Upstate Correctional Facility. *See* Dkt.

No. 1. By Decision and Order dated February 7, 2012, this Court dismissed Defendants Fischer and Koenigsmann and Plaintiff's retaliation claim. *See* Dkt. No. 7 (the "February Order"). The February Order directed service of the complaint upon the remaining Defendants, Amatucci and Smith, with respect to Plaintiff's Eighth Amendment medical indifference claim. *See id*.

Defendants Amatucci and Smith acknowledged service of process. *See* Dkt. Nos. 11, 18. Defendant Amatucci filed a motion to dismiss Plaintiff's complaint on April 23, 2012. *See* Dkt. No. 16. Defendant Smith was granted an extension of time, until June 1, 2012, to respond to the complaint. *See* Dkt. No. 20.

On June 20, 2012, Plaintiff filed a motion for default judgment against Defendant Smith. *See* Dkt. No. 23. The next day, on June 21, 2012, Defendant Smith filed a motion requesting that she be allowed to join Defendant Amatucci's pending motion to dismiss, arguing that, as noted in that motion, "the complaint fails to allege that the plaintiff suffers from a serious medical need." *See* Dkt. No. 24 at 1. Plaintiff opposes Defendant Smith's motion. *See* Dkt. No. 25.

At the outset, the Court notes that Plaintiff's failure to request an entry of default by the Clerk of the Court in accordance with Rule 55(a) of the Federal Rules of Civil Procedure prior to filing his motion for entry of a default judgment requires that his motion be denied. Notwithstanding the foregoing, in light of Plaintiff's *pro se* status, the Court has considered the merits of Plaintiff's motion and denies the motion for the reasons that follow.

It is well-settled in the Second Circuit that defaults are not favored, and that there is a strong preference for resolving disputes on their merits. *See Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995); *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983). "'[D]ismissal is a harsh remedy to be utilized only in extreme circumstances.'" *Brien*, 71 F.3d at 1077 (quoting *Cody v. Mello*, 59 F.3d

13, 15 (2d Cir. 1995)). Assuming that there was an entry of default, the primary considerations in determining whether an entry of default should be vacated are (i) whether the default was willful, (ii) whether a meritorious defense is presented, and (iii) the level of prejudice that may occur to the non-defaulting party if relief is granted. *See Brien*, 71 F.3d at 1077.

With respect to "willfulness," the Second Circuit has declined to expand this standard to include careless or negligent errors by an attorney or litigant. *See American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 60 (2d Cir. 1996); *see also MacEwan Petroleum, Inc. v. Tarbell*, 173 F.R.D. 36, 39-40 (N.D.N.Y. 1997). In this case, there is no evidence that Defendant Smith's failure to respond to the complaint in a timely manner was willful, deliberate, or done in bad faith. Accordingly, the Court declines to find that the default was willful.

Turning to the requirement that there be a "meritorious defense" to Plaintiff's claims, Defendant Smith contends that Plaintiff's complaint fails to state a claim against her, or against Defendant Amatucci, as more fully set forth in Defendant Amatucci's motion to dismiss. *See* Dkt. No. 24 at 1; *see also* Dkt. No. 16-1 (Memorandum of Law in Support of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)). "To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage." *American Alliance*, 92 F.3d at 61. The Court finds that, on its face, the pending motion to dismiss **may** present a meritorious defense.[1]

Finally, the Court will consider whether Plaintiff will be prejudiced if his motion for default judgment is denied. In this regard, "the plaintiff must demonstrate that the default caused some actual harm to its ability to litigate the case. . . ." *MacEwan,* 173 F.R.D. at 40. Plaintiff has not made any showing of actual harm from the relatively brief delay occasioned by Defendant Smith's default, and

---

[1] The Court takes no position on the ultimate merits of the motion to dismiss.

the Court finds that this factor does not weigh in favor of Plaintiff's motion for a default judgment.

Based on the foregoing, the Court denies Plaintiff's motion for default judgment. Accordingly, Defendant Smith's motion (Dkt. No. 24) to join defendant Amatucci's pending motion to dismiss (Dkt. No. 16) is granted.

**WHEREFORE**, the Court hereby

**ORDERS** that Plaintiff's motion for a default judgment against Defendant Smith (Dkt. No. 23) is **DENIED**; and the Court further

**ORDERS** that Defendant Smith's motion (Dkt. No. 24) to join Defendant Amatucci's pending motion to dismiss (Dkt. No. 16) is **GRANTED**. The Clerk of the Court shall note on the docket report that the motion to dismiss (Dkt. No. 16) is deemed filed on behalf of both Amatucci and Smith; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED**.

Dated: December 10, 2012
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge