UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONALD GRIFFIN,

                            Plaintiff,

v.                                                 9:11-CV-1125
                                                      (MAD/TWD)

DR. GERALD AMATUCCI,
NANCY SMITH,

                            Defendants.
_____

APPEARANCES:                                                OF COUNSEL:

DONALD GRIFFIN, 87-A-0320
Plaintiff *pro se*
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, New York 14411

HON. ERIC T. SCHNEIDERMAN                          ADRIENNE J. KERWIN, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, New York 12224

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

      This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Mae A. D'Agostino, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiff Donald Griffin alleges that Defendants violated his Eighth Amendment right to adequate medical care by providing him with a CPAP machine without the humidifier attachment recommended by the specialist who treated Plaintiff. (Dkt. No. 1.) Currently pending before the Court is

Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 16.) For the reasons that follow, I recommend that Defendants' motion be denied.

I.      BACKGROUND

The following facts are derived from the face of the operative complaint and its attachments and are accepted as true for the purposes of deciding the pending motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

On August 24, 2010, Plaintiff, then an inmate at Upstate Correctional Facility, underwent a sleep study at Alice Hyde Medical Center. (Dkt. No. 1 at 5.[1]) Plaintiff was diagnosed with obstructive sleep apnea. *Id*. Plaintiff underwent another sleep study at Alice Hyde Medical Center on January 11, 2011, to determine the best treatment for his condition. *Id*. The specialist who conducted the study stated that "CPAP should be initiated using an UltraMirage full face medium mask with heat and humidity . . . ." *Id*. at 12.

On February 14, 2011, Defendant Nancy Smith, a Nurse Administrator at Upstate Correctional Facility, received a quote for the price for Plaintiff's CPAP machine. *Id*. at 13. The document did not contain a quote for the humidifier recommended by the specialist. *Id*. CPAP machines with humidifiers cost approximately $230 more than those without. *Id*. at 20. On February 22, 2011, Defendant Smith issued a CPAP machine without a humidifier attachment to Plaintiff. *Id*. at 6.

On February 23, 2011, Plaintiff wrote to Defendant Smith and informed her that the

---

[1] Page numbers in citations to court documents refer to the page numbers assigned by the Court's electronic filing system rather than to the page numbers in the original documents.

CPAP machine without a humidifier was exacerbating his sleep apnea symptoms by drying out his throat. *Id*. Defendant Smith responded in writing on March 7, 2011, that Plaintiff "will not receive a humidifier" for the CPAP machine because Defendant Dr. Gerald Amatucci, the Regional Medical Director, "will not approve them." *Id*. at 17. Defendant Smith stated that the humidifier was "not needed for [the] CPAP machine to work." *Id*.

Plaintiff submitted a grievance regarding the humidifier issue on May 17, 2011. *Id*. at 19. Plaintiff attached a letter from an unnamed person to Plaintiff stating that "Stephanie spoke with Alice Hyde Hospital Sleep Apnea Center . . . According to them the humidifier should always be used." *Id*. at 20. Plaintiff asserts that this letter indicates that "Alice Hyde Medical Center Sleep Lab made it clear" that the humidifier was required. *Id*. at 7.

Plaintiff's grievance was denied at the first level of review. *Id*. On June 16, 2011, the Superintendent denied the grievance at the second level of review. *Id*. at 30. The Superintendent's denial stated that Plaintiff "has been repeatedly advised that per . . . Dr. Amatucci, no humidifiers for CPAP machines will be approved as they are not medically necessary. Humidification has no effect on the performance of the machine in preventing sleep apnea. [Plaintiff] has a functional CPAP machine that does not require humidification to operate properly." *Id*. Plaintiff's grievance was denied at the final level of review on August 24, 2011. *Id*. at 36. The denial stated that "upon review by the Regional Medical Director, a humidifier for [the] CPAP machine is not medically indicated at this time." *Id*.

Plaintiff filed the complaint in this action on September 22, 2011. He alleges that he "is suffering from sleep deprivation," which produces "continuous headaches, burning eyes, and heighten[ed] anxiety from fear of having a stroke or a[] heart attack or failure." *Id*. at 10.

Plaintiff requests injunctive relief and damages. *Id*. at 38.

In its initial review of the complaint, the Court dismissed Plaintiff's claims against two supervisory officials without prejudice for failure to sufficiently plead their personal involvement. (Dkt. No. 7 at 5-7.) The Court also dismissed Plaintiff's retaliation claim without prejudice. *Id*. at 7-8. The Court found that Plaintiff's Eighth Amendment claims against Defendants Smith and Amatucci were sufficiently well-pleaded to warrant a response from Defendants. *Id*. at 8-9.

In the same order, the Court denied Plaintiff's request for a temporary restraining order, finding that Plaintiff had failed to establish a clear or substantial likelihood of success on the merits of his Eighth Amendment claims. *Id*. at 9-12. The Court found that Plaintiff's motion for a temporary restraining order failed to clearly or substantially establish the objective prong of an Eighth Amendment claim because the only injuries Plaintiff claimed were a dry nose and throat and a general worsening of unspecified sleep apnea symptoms. *Id*. at 11. Moreover, the Court found that Plaintiff failed to clearly or substantially establish that either of the remaining Defendants acted with deliberate indifference. *Id*. at 11-12.

Defendants Amatucci and Smith now move to dismiss the complaint. (Dkt. No. 16.) Plaintiff has opposed the motion. (Dkt. No. 21.)

## II. LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*,

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

### III. ANALYSIS

Plaintiff alleges that Defendants Amatucci and Smith violated his Eighth Amendment right to adequate medical care by failing to provide him with a CPAP machine that included a humidifier. (Dkt. No. 1.) Defendants argue that the complaint should be dismissed because Plaintiff has not pleaded "facts sufficient to establish the subjective or objective prong of an

Eighth Amendment claim." (Dkt. No. 16-1 at 6.) For the reasons discussed below, I recommend that the Court deny Defendants' motion to dismiss.

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual" punishments. The word "punishment" refers not only to deprivations imposed as a sanction for criminal wrongdoing, but also to deprivations suffered during imprisonment. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). Punishment is "cruel and unusual" if it involves the unnecessary and wanton infliction of pain or if it is incompatible with "the evolving standards of decency that mark the progress of a maturing society." *Id*. at 102 (quoting *Trop v. Dulles*, 356 U.S. 86, 100 (1958)). Thus, the Eighth Amendment imposes on jail officials the duty to "provide humane conditions of confinement" for prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In fulfilling this duty, prison officials must ensure, among other things, that inmates receive adequate medical care. *Id*. (citing *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

There are two elements to a prisoner's claim that prison officials violated his or her Eighth Amendment right to receive medical care: "the plaintiff must show that she or he had a serious medical condition and that it was met with deliberate indifference." *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) (citation and punctuation omitted). "The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind." *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003).

A "serious medical condition" is "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Nance v. Kelly,* 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J. dissenting) (citations omitted), *accord Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1996),

6

*cert. denied*, 513 U.S. 1154 (1995); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). Relevant factors to consider when determining whether an alleged medical condition is sufficiently serious include, but are not limited to: (1) the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; (2) the presence of a medical condition that significantly affects an individual's daily activities; and (3) the existence of chronic and substantial pain. *Chance*, 143 F.3d at 702-03.

Defendants cursorily argue that Plaintiff has not alleged facts plausibly suggesting that he suffers from a serious medical need. Defendants do not cite any authority for this argument. (Dkt. No. 16-1 at 6.) It appears that there is no decision from either the Second Circuit or the district courts in this circuit discussing whether sleep apnea is a serious medical condition for Eighth Amendment purposes. District courts in other circuits have concluded that sleep apnea may be a serious medical condition. *Goudlock v. Perez*, No. 08cv204, 2012 U.S. Dist. LEXIS 33485, at *14-15, 2012 WL 846444, at *5 (S.D. Cal. Mar. 13, 2012) (collecting cases).[2] Accordingly I find, for the purposes of this motion only, that Plaintiff has pleaded facts plausibly suggesting the objective prong of his Eighth Amendment claim.

Turning to the subjective prong, medical mistreatment rises to the level of deliberate indifference only when it "involves culpable recklessness, i.e., an act or a failure to act . . . that evinces 'a conscious disregard of a substantial risk of serious harm.'" *Chance*, 143 F.3d at 703 (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)). Thus, to establish deliberate indifference, an inmate must prove that (1) a prison medical care provider was aware of facts

---

[2] The Court will provide Plaintiff with a copy of this unpublished decision in accordance with the Second Circuit's decision in *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

7

from which the inference could be drawn that the inmate had a serious medical need; and (2) the medical care provider actually drew that inference. *Farmer*, 511 U.S. at 837; *Chance*, 143 F.3d at 702-703. The inmate then must establish that the provider consciously and intentionally disregarded or ignored that serious medical need. *Farmer*, 511 U.S. at 835. "[M]ere disagreement over proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703. However, "a physician may be deliberately indifferent if he or she consciously chooses an easier and less efficacious treatment plan." *Id*. (quoting *Hathaway*, 99 F.3d at 553).

Defendants argue that Plaintiff merely disagrees with the treatment Defendants provided and would simply prefer to have a CPAP machine with a humidifier attached. (Dkt. No. 16-1 at 6.) Plaintiff argues that he does not simply "prefer" the CPAP with a humidifier. Rather, he argues, the CPAP machine with no humidifier is not adequate treatment because it is not the treatment that the specialist recommended (Dkt. No. 1 at 12) and because the lack of humidifier dries out his mouth, which causes him to wake up choking (Dkt. No. 21 at 2). Plaintiff argues that the specialist who prescribed the CPAP machine with a humidifier was "clearly aware" of Plaintiff's dry-mouth issue and "showed it by recommending the humidifier." *Id*.

This is a very close case. However, because the Court must afford special solicitude to *pro se* civil right plaintiffs and draw all inferences in Plaintiff's favor, I recommend that the Court deny Defendants' motion to dismiss. The specialist at Alice Hyde Medical Center, who it appears is the only doctor mentioned in the complaint who actually examined Plaintiff, believed that Plaintiff required heat and humidity for the CPAP machine to be effective. Reading the

8

complaint in the light most favorable to Plaintiff, it appears that Defendants rejected the specialist's recommendation not because they disagreed with the specialist's opinion about what was best for Plaintiff, but because of a general policy against providing CPAP machines with humidifiers. Defendant Smith's statement that Defendant Amatucci "will not approve *them*" suggests the existence of a blanket policy against CPAP machines with humidifiers that may or may not have been medically supported in Plaintiff's individual case. (Dkt. No. 1 at 17.) A blanket policy is also suggested by the Superintendent's response to Plaintiff's grievance, which stated that "no humidifiers for CPAP machines will be approved . . . ." *Id*. at 30. The reflexive application of a blanket policy against a particular treatment in the face of contrary recommendations from treating physicians may indicate deliberate indifference. *Johnson v. Wright*, 412 F.3d 398, 400 (2d Cir. 2005) (reversing summary judgment for defendants and finding triable issue of fact where evidence showed that non-treating physician administrators applied blanket policy against providing hepatitis C medication despite treating physicians' recommendations). In addition, given the lower price of CPAP machines without humidifiers (Dkt. No. 1 at 20), there is at least an inference plausibly suggesting that Defendants consciously chose an easier and less efficacious treatment plan rather than properly treating Plaintiff's serious medical need.

    I emphasize again that this is an extremely close case. Defendants may be able, on a motion for summary judgment supported by evidence outside the contours of the complaint, to establish that they are entitled to judgment as a matter of law. But at this point in the litigation, Plaintiff has alleged facts plausibly suggesting that Defendants violated his Eighth Amendment right to adequate medical care. Therefore, I recommend that the Court deny Defendants' motion

to dismiss the complaint.³

ACCORDINGLY, it is

RECOMMENDED that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 16) be **DENIED**; and it is further

ORDERED that the Clerk provide Plaintiff with a copy of *Goudlock v. Perez*, No. 08cv204, 2012 U.S. Dist. LEXIS 33485, 2012 WL 846444 (S.D. Cal. Mar. 13, 2012).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: February 25, 2013
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

³ This recommendation does not conflict with the Court's earlier ruling denying Plaintiff's motion for a temporary restraining order. Here, Plaintiff is required only to allege facts plausibly suggesting an Eighth Amendment violation in order to survive Defendants' motion to dismiss. In moving for a temporary restraining order, Plaintiff was required to establish a clear or substantial likelihood of success on the merits.